### No. 42
### AMERICAN RY. EXP. CO. v. PORTUKALIN

Ohio Appeals, 2nd Dist., Franklin Co.
No. 1268. Dec. 1, 1924.

209. CARRIERS—Burden of proof is on carrier upon plea of special contract limiting liability to show circumstances of loss. This is not shifting of burden of proof.

1245. VERDICT—Not set aside purely on weight of evidence.

ALLREAD, J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

Portukalin sued the express company upon its common law liability as carrier for failure to deliver package of diamonds, valued at $1500. The express company offered a general denial and plea of special contract limiting liability. Two special interrogatories were submitted to the jury. The jury answered the first "whether the express company safely carried the package and contents?" "No." The second was "whether the express company was guilty of negligence in transportation * * * ?" "Yes". The charge placed the burden of proof upon the plaintiff as to the loss of the diamonds. The court placed the burden of proof upon the carrier to show the circumstances of

the loss and to free itself from negligence. This is objected to on the ground that the burden of proof never shifts.

Shamlein, the shipper, testified that the diamonds were contained in the package when delivery to the consignee was made. He further testified that he did not finally tie or seal the package until after delivery to the agent to afford him opportunity to investigate same. That the agent after Shamlein finished packing same, put additional seals thereon, made out a receipt. The contents and value of the package were then stated. Berry, the agent, testified by deposition and there was some conflict as to their evidence, principally as to the sealing of the package. Portukalin testified that he was busy when the package was delivered and later placed it in the safe until the next morning when he opened it noticed the absence of the diamonds. The weight and sufficiency of the evidence constituted the main controversy on error. Affirming the unanimous verdict for $1500 the court of appeals held:

1. The burden of proof was properly placed on the consignee as to the loss of the diamonds and this burden does not shift through the trial. The burden of proof to show circumstances of loss and to free itself from negligence was upon the carrier under its plea of special contract for limitation of liability. This was not a shifting of the burden of proof.

2. When the evidence is conflicting the function of credibility of witnesses is within the province of the jury and a reviewing court will not disturb its verdict purely upon the weight of evidence. especially when the verdict is the unanimous finding of the jury.

Attorneys—Henderson and Burr, for American Ry. Express Co.; Eugene Morgan, for for Portukalin; all of Columbus.